# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

**IN RE:**

| | |
|---|---|
| **OFFICEMART, INC.** | **CASE NO. 21-01590-5-DMW** |
| | **CHAPTER 11** |
| **DEBTOR.** | |

| | |
|---|---|
| **OFFICEMART, INC.** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | **AP NO. 21-_____** |
| ) | |
| **MCKINLEY INVESTMENT, LLC,** ) | |
| **MCKINLEY CORPORATION, LTD., and** ) | |
| **HALEN BACH** ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## COMPLAINT
## [JURY TRIAL DEMANDED]

**NOW COMES** Plaintiff OFFICEMART, INC., by and through its undersigned counsel of record, hereby complaining of Defendants, by alleging and asserting as follows:

### INTRODUCTION AND NATURE OF THE ACTION

1. This action is commenced by Plaintiff against Defendants, seeking compensatory, statutory, treble and punitive damages, attorneys' fees and costs.

### JURISDICTION AND VENUE

2. This adversary proceeding relates to the chapter 11 bankruptcy proceeding, which Plaintiff commenced on July 16, 2021 (the "Petition Date"), by filing a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code, BK Case No. 21-01590-5-DMW (the "Bankruptcy Case").

3. The Court has personal and subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, and 157, as well as the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 as it arises in and concerns matters affecting the administration of bankruptcy estate in the above-captioned case, see id. §157(b)(2)(A), and concerns rights duly established under the Bankruptcy Code, the United States Code, and applicable North Carolina law.

4. This Court, pursuant to Budget Service Co. v. Better Homes of Va., 804 F.2d 289 (4th Cir. 1986), has jurisdiction to enter a final and dispositive Order granting the relief requested herein. To the extent the Court finds any of the following claims for relief to be non-core proceedings, Plaintiff consents to entry of a final Order in accordance with 28 U.S.C. § 157(c)(7).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1408 and 1409, as all of the actions complained of and giving rise to the claims alleged herein arose in this judicial district, within which Plaintiff reside and Defendants regularly conducts its business operations and affairs.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to address, entertain and determine the claims for relief based on North Carolina law.

## IDENTIFICATION OF THE PARTIES

7. Plaintiff OfficeMart, Inc. ("OM") is a corporation organized and existing under the laws of the State of North Carolina.

8. Defendant McKinley Investment, LLC ("McKinley") is a limited liability company organized and existing under the laws of the State of Wyoming with its principal place of business located in Beverly Hills, California.

9. Defendant McKinley Corporation, Ltd. ("McKinley Corp.") is a foreign company with its principal place of business located in Hong Kong. Upon information and belief, McKinley Corporation, Ltd. is directly controlled by McKinley Investment LLC's and its founder, Halen Bach. The related entities are deeply intertwined and comprise a single business enterprise such that McKinley Corporation, Ltd. is an alter ego of McKinley Investment LLC. Therefore, McKinley Investment LLC is liable for the actions, obligations, and misdeeds of McKinley Corporation, Ltd. (McKinley Corp and McKinley shall collectively be referred to as "McKinley")

10. Upon information and belief, Defendant Halen Bach ("Bach") is a citizen and resident of Beverly Hills, California.

## FACTUAL ALLEGATIONS

11. Plaintiff filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina.

12. OM is a total solutions company that sells products and services to businesses.

13. In 2020 and based on the COVID-19 crisis, OM entered the Personal Protective Equipment ("PPE") field.

14. PPE is equipment worn to minimize exposure to hazards that cause serious workplace injuries and illnesses.

15. Through its dealings in the PPE market, OM met Defendants Bach and McKinley.

16. Bach, as an agent for McKinley and McKinley Corp., represented to OM that they had substantial contacts in the PPE field and could obtain nitrile gloves for OM customers.

17. Bach represented to OM that he had direct contact with a factory that produced Nitrile Gloves and could fulfill substantial nitrile glove orders.

18. At all times relevant Bach was an agent or employee of McKinley and McKinley Corp. and had authority to transact business on their behalf.

19. During the relevant times in this lawsuit, Nitrile Gloves were in hot demand.

20. As a result, OM was approached by various businesses who wanted OM to procure Nitrile Gloves.

21. These businesses included (i) HD Ventures, who upon information and belief, contracted with Solvet Services for the purchase of 180,000 boxes of nitrile gloves, (ii) Global Clean, and (iii) Global Ordnance.

22. OM approached Bach about purchasing Nitrile Gloves and Bach represented that McKinley could deliver the Nitrile Gloves to OM.

23. Accordingly, OM entered into a purchase order for the 180,000 boxes of nitrile gloves with HD Ventures.

24. OM entered into similar purchase orders with Global Clean and Global Ordnance.

25. In total, OM entered into various purchase order with McKinley under which McKinley agreed to supply OfficeMart with PPE (nitrile exam gloves) totaling Fifty-One Million Two Hundred Sixty-Seven Thousand (51,267,000) pieces for a price of Three Million Six Hundred Thirty-Nine Thousand Nine Hundred Fifty-Seven US Dollars ($3,639,957.00) for delivery by May 29, 2020.

26. Solvet, Global Clean and/or Global Ordnance all advanced funds to OM related to the various purchase orders.

27. OM then wired said funds to McKinley.

28. There were several delays in the delivery of the orders for reasons unknown to OM.

29. The nitrile gloves were not delivered to OM by the delivery date of May 29, 2020.

30. On June 5, 2020, Bach, in response to OM demand letters, stated that Defendants were prepared to complete the delivery of the orders by June 7, 2020 or refund the money.

31. Shortly thereafter, OM requested a partial refund of Five Hundred Eighty-Five Thousand Seven Hundred Fifty US Dollars ($585,750) and McKinley refunded this amount to OM.

32. However, McKinley failed to deliver any gloves to OM by June 7, 2020 or provide a refund.

33. McKinley and OM entered into a settlement agreement to resolve the dispute.

34. This settlement agreement required McKinley to pay the amounts owed by May 31, 2021.

35. To date Defendants have not refunded the amounts paid by OM.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract – McKinley)

36. Plaintiff incorporates herein by reference all of the allegations in this Complaint as if fully set forth herein.

37. Plaintiff and Defendant McKinley, entered into various purchase orders referenced above.

38. Moreover, Plaintiff entered into a Settlement Agreement with McKinley.

39. The Plaintiff performed each and every obligation rightfully imposed upon them under the provisions of those contracts.

40. Defendant McKinley, however, breached the terms of the accepted contracts, as detailed above.

41. Plaintiff has made demand upon Defendant for repayment of what is owed but Defendants have failed and refused to pay the amounts owed.

42. Additionally, and implied in every contract, including the provisions of the purchase orders, is the requirement that Defendant McKinley, as a contracting party, act in good faith and make reasonable efforts to perform any obligations imposed upon them thereunder.

43. However, Defendant McKinley (through their agents, representatives, employees, and officers) acted in bad faith, as set forth and alleged herein.

44. Furthermore, there is an implied covenant of fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement.

45. Accordingly, McKinley acted in bad faith through its other actions detailed above.

46. As a direct and proximate cause of Defendant McKinley's breaches of contract, Plaintiff has been damaged, and is entitled to recover from Defendant McKinley in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## **SECOND CLAIM FOR RELIEF**
**(Conversion - Bach/McKinley)**

47. Plaintiff incorporates herein by reference all of the allegations in this Complaint as if fully set forth herein.

48. Bach and McKinley were provided funds, which constitute assets of Plaintiff, by various buyers, and of which Plaintiff was entitled to their immediate possession.

49. Defendants Bach and McKinley unlawfully converted Plaintiff's assets to their own use and did not return the assets, even after demand from Plaintiff.

50. As a direct and proximate cause of Defendants Bach and McKinley conversion, the Plaintiff is entitled to recover from Defendants Bach and McKinley, jointly and severally, an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## THIRD CLAIM FOR RELIEF
### (*In the alternative* - **Unfair and Deceptive Trade Practices- Bach and McKinley**)

51. Plaintiff incorporates herein by reference all of the allegations in this Complaint as if fully set forth herein.

52. The actions and conduct of Defendants Bach and McKinley, delineated in this Complaint, constitute unfair or deceptive acts or practices, in or affecting commerce, in violation of N.C.G.S. §75-1.1, or similar state statute under applicable choice of law provisions.

53. The Plaintiff's claims for unfair and deceptive trade practices against Defendants Bach and McKinley includes but is not limited to:

   A. Their concealments and/or deceptive conduct detailed above and below, which included the intentional concealment of material facts;
   B. To the extent not fraudulent or deceptive, the Defendants Bach and McKinley reckless, unfair, and careless conduct with it being totally irrelevant whether the Defendants Bach and McKinley acted in good faith, in ignorance of its falsity, and/or without intent to mislead;
   C. Their conversion of OM and its buyers' property;
   D. Their actions detailed above and below offends established public policy, federal and state securities law, are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers.

54. As a direct and proximate result of the conduct of Defendants Bach and McKinley, the Plaintiff is entitled to recover from Defendants Bach and McKinley an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), jointly and severally to recover treble damages pursuant to N.C.G.S. §75-16, and to recover reasonable attorney's fees, as provided in N.C.G.S. §75-16.1.

## FOURTH CLAIM FOR RELIEF
### (*In the alternative* - **Unjust Enrichment- Bach and McKinley**)

55. Plaintiff incorporates herein by reference all of the allegations in this Complaint as if fully set forth herein.

7

56. Defendants Bach and McKinley took certain property of the Plaintiff without authority, as described above, conferring a benefit on Defendants Bach and McKinley.

57. That property had value to the Plaintiff.

58. At the time of the taking of the property, and upon discovery of the same, the Plaintiff expected to be paid back or be provided the goods sought.

59. To the extent that said conduct does not constitute conversion, the Plaintiff is entitled to the return of said property, or the reasonable value of the property.

60. Plaintiff's expectation of repayment is reasonable, and Defendants Bach and McKinley knew that property should not be taken, or needed to be paid back, and failed to return the property.

61. As a sole and proximate result of Defendants Bach and McKinley unjust enrichment, the Plaintiff has suffered pecuniary losses, and is thereby entitled to judgment against Defendants Bach and McKinley, jointly and severally, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

## FIFTH CLAIM FOR RELIEF
(*In the alternative* - Fraud- Bach and McKinley)

62. Plaintiff incorporates herein by reference all of the allegations in this Complaint as if fully set forth herein.

63. The misrepresentation made by McKinley, by and through its duly authorized agent Bach, to Plaintiff consisted of the following:

   A. Time: Prior to OM funding of monies to McKinley on all of the transactions above;
   B. Place: On the phone and in WhatsApp Communications;
   C. Content: That McKinley could fulfill all purchase orders;
   D. What Defendants Obtained Thereby: Defendants received substantial funds from Plaintiff as outlined above.

      A. Time: June 5, 2020
      B. Place: Via letter
      C. Content: That the delivery would be delivered by June 7, 2020 or the money would be refunded.
      D. What Defendants Obtained Thereby: Upon information and belief these Defendant continued to have funds in their possession related to the transactions at issue

      A. January 26, 2021
      B. In the Settlement Agreement signed
      C. Content: That McKinley would pay OM what was owed.
      D. What Defendant Obtained Thereby: Upon information and belief these Defendant continued to have funds in their possession related to the Summit transaction.

64. Bach, at the time that said representations were made and at all times relevant, was an agent of Defendants Bach and McKinley and had actual and/or apparent authority to bind these Defendants, since he had actual authority in all respects related to matters between OM and McKinley.

65. In addition to the affirmative misrepresentations, these Defendants failed to disclose material information which, by reason of its superior knowledge and as a matter of law it had a duty to disclose to the Plaintiff by virtue of their making a partial or incomplete representation to the Plaintiff.

66. Accordingly, these Defendants had a duty to disclose all facts material to the Plaintiff, known or reasonably ascertainable by it, since it had a duty imposed by law.

67. Defendant concealed material facts from the Plaintiff, including but not limited to the following:

    a. That all of their statements discussed above were not true;
    b. That they did not know whether their statements were true and accurate or not;
    c. That they had no intent to provide the requested product or provide a refund and intended to abscond with OM's funds;

68. These misrepresentations and failures to disclose induced Plaintiff to (i) pay monies to these Defendants, or for their benefit and (ii) forego additional inquiry into the status of the funds OM had provided these Defendants.

69. Plaintiff could not discover that these Defendants' intent or that their representations were untruthful through the exercise of reasonable diligence.

70. Accordingly, Defendants knowingly or recklessly made false and material representations, and otherwise failed to disclose material information, on which the Plaintiff relied upon in funding monies to these Defendants.

71. At the time that the false representations and/or concealments were made to the Plaintiff by these Defendants, these Defendants knew the statements were false or incomplete, or should have reasonably known that the statements were false or incomplete.

72. The false representations and/or concealments made by these Defendants were calculated to deceive and were made and done with the intent to deceive; and Plaintiff was in fact, deceived by the false representations and/or concealments.

73. The false representations and/or concealments were made by these Defendants with the intention that the Plaintiff rely on the same, and Plaintiff did rely on the same, to its detriment, and on the representations and/or concealments by these Defendants was reasonable, under the circumstances.

74. Had these Defendants disclosed the aforementioned material facts to the Plaintiff, Plaintiff would never have provided funds to these Defendants and would have demanded greater control of their funds.

75. As a direct and proximate cause of Defendants' fraudulent misrepresentations and/or concealments of material facts, the Plaintiff has been damaged, and is entitled to recover

from Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

76. Upon information and belief, the conduct, acts and omissions of these Defendants alleged herein constitute fraud and willful and wanton conduct in reckless disregard and indifference to the well-being of the Plaintiff. Therefore, the Plaintiff is entitled to recover punitive damages from these Defendants in an amount to be determined at the trial of this matter.

### SIXTH CLAIM FOR RELIEF
(*In the alternative* – Negligent Misrepresentations – Fraud- Bach and McKinley)

77. Plaintiff incorporates herein by reference all of the allegations in this Complaint as if fully set forth herein.

78. As set forth above, these Defendants had a duty to exercise reasonable care or competence in obtaining or communicating information to Plaintiff, who would rely on information supplied by Defendants.

79. In the course of their business, Defendants supplied information to the Plaintiff and intended for the Plaintiff to rely on that information for their guidance or benefit with respect to transactions with McKinley.

80. As stated above, these Defendants made material misrepresentations or failed to exercise due care when it made material misrepresentations.

81. These Defendants failed to exercise reasonable care or competence in obtaining or communicating the false information detailed above and the Plaintiff actually relied on the false information supplied by Defendants and Plaintiff's reliance was justifiable.

82. As a sole and proximate result of these Defendants' negligent misrepresentations, the Plaintiffs have suffered pecuniary losses, and are thereby entitled to judgment against these

11

Defendants, jointly and severally, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

### SEVENTH CLAIM FOR RELIEF
**(Declaratory Judgment)**

83. The Plaintiff brings this Claim for Relief pursuant to 28 U.S.C. § 2201 or N.C. Gen. Stat. § 1-253, *et. seq.*

84. This court has jurisdiction over the parties and there is a justiciable case and/or controversy between the parties, regarding: (a) where the funds OM provided Defendants went, (b) the use by any of the Defendants of any amounts paid them by OM.

85. The Plaintiff has the right, therefore, to have this Court issue its declaratory judgment on these and any other issues that might arise during this course of this litigation.

### EIGHTH CLAIM FOR RELIEF
**(Avoidance of Constructively Fraudulent Transfers – 11 U.S.C. §§ 544 and 548; N.C. Gen. Stat. § 39-23.1 et seq. – Defendant McKinley)**

86. Plaintiff incorporates herein by reference all of the allegations in this Complaint as if fully set forth herein.

87. The monies transferred by OM to McKinley ("Transfers") were each a direct and voluntary or involuntary conveyance, disposal, or parting with monetary funds and monetary amounts belonging to the Debtor OM.

88. The Transfers that were made to, and received by, Defendant, each constitute a "transfer" within the meaning set forth in § 101(54) of the Bankruptcy Code.

89. Each of the Transfers was made to, or for the benefit of, Defendant.

90. The Transfers, which took place in 2020, were made for less than reasonably equivalent value, in that Defendant did not provide a refund or the gloves ordered.

12

91. Debtor OM, therefore, did not receive reasonably equivalent value in exchange for the Transfers.

92. At the time of each of the Transfers, Debtor OM was engaged in business or transactions, or was about to engage in business or transactions, for which any property remaining with it was unreasonably small capital.

93. Pursuant to § 548 of the Bankruptcy Code and/or N.C. Gen. Stat. § 39-23.1 *et seq.*, each of the Transfers are avoidable, as constructively fraudulent under the applicable provisions of the Bankruptcy Code and/or North Carolina law.

94. Based upon the foregoing, Plaintiff is entitled to avoidance of the Transfers, all of which were made to Defendant within the two-year period preceding the Petition Date, as constructively fraudulent pursuant to § 548 of the Bankruptcy Code and/or N.C. Gen. Stat. § 39-23.1 *et seq.*

## NINTH CLAIM FOR RELIEF
**(Recovery and Preservation of Avoided Transfers for the Benefit of the Estate- 11 U.S.C. §550)**

95. Plaintiff realleges and incorporates herein by reference all the allegations contained in the Complaint as if fully set forth in their entirety.

96. Defendants are the initial transferee of the Transfers or the entity for whose benefit said transfers were made.

97. Plaintiffs are entitled to have and recover judgment against Defendants, in, representing the value of the Transfers that were made within the two-year period preceding the Petition Date for the benefit of the estate pursuant to § 550 of the Bankruptcy Code.

## TENTH CLAIM FOR RELIEF
### (Demand for an Accounting – Bach and McKinley)

98. Plaintiff incorporates herein by reference the allegations contained in the Complaint as if fully set forth herein.

99. Plaintiff demands an accounting of Defendants to provide an immediate accounting of all funds provided it related to OM.

**WHEREFORE**, the Plaintiff prays the Court as follows:

1. That the Plaintiff have and recover compensatory damages from the Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest as allowed by law.

2. That the Plaintiff have and recover punitive damages from Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and to be determined at the trial of this matter.

3. Have and recover judgment against Defendants avoiding the transfers that were made to, and received by, Defendant within the two-year period preceding the filing of the Bankruptcy Case, as constructively fraudulent transfers pursuant to § 548 of the Bankruptcy Code and N.C. Gen. Stat. § 39-23.1 *et seq.*

4. Have and recover judgment against Defendants, pursuant to § 550 of the Bankruptcy Code, together with interest accruing at the maximum legal rate from the date of the filing of this Complaint until paid, with any recovery being for the benefit of, and preserved for, the bankruptcy estate.

5. That the costs of this action, including reasonable attorney's fees in accordance with N.C.G.S §75-16.1, be taxed by the Court against Defendants.

6. That any damages awarded the Plaintiff be trebled pursuant to provisions of

N.C.G.S. §75-16.

      7.      That the Court issue a Declaratory Judgment as stated above.

      8.      For a trial by jury on all issues so triable.

      9.      For such other and further relief as to the Court deems just and proper.

Respectfully submitted this, the 10th day of August, 2021.

**BUCKMILLER, BOYETTE & FROST, PLLC**
BY: s/Matthew W. Buckmiller
MATTHEW W. BUCKMILLER,
NCSB No. 35194
mbuckmiller@bbflawfirm.com
4700 Six Forks Road, Suite 150
Raleigh, North Carolina 27609
TEL:   (919) 296-5040
FAX:   (919) 977-7101
*Attorneys for Plaintiff*